UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

INTERELATE, INC.,

Plaintiff,

vs.

KAPLAN COMPANIES, INC.,

Defendant.

Court File No. 01-1600 (ADM/SRN)

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, Plaintiff and Defendant (hereinafter "the parties") are engaged in discovery which involves, among other things, the production of certain information, documents, and things of the parties subject to discovery or disclosure in this action which may be claimed to be or deemed to contain Confidential Information as defined herein.

NOW, THEREFORE in the interest of expediting discovery and permitting the same to proceed without delay, the parties, by their attorneys, have agreed to provide access to and to accept such information, documents, and things subject to certain protective provisions hereinafter set forth.

It is hereby stipulated by the attorneys of the parties, subject to the approval of the Court, that:

1. "Confidential Information" as used herein means any type or classification of information produced or disclosed by any person or party (the "designating party") during discovery in this action that contains commercially sensitive, proprietary and confidential material or information and that is designated by that person or party as confidential at the time

JUL 0 9 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of disclosure in writing or in the record of a deposition or hearing, whether revealed during deposition, in a document, in an interrogatory answer, by production of tangible evidence, or otherwise. No designation shall be made unless counsel for the designating party believes that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

2. Information designated confidential shall be indicated as follows:

a. In the case of an exhibit, document or other tangible evidence, by a sticker, stamp or other written means to the exhibit, document or tangible evidence stating "Confidential";

b. In the event that any item with the designation "Confidential" is introduced by counsel during a deposition, the reporter and counsel for the other party (or parties) must be instructed during the deposition that, pursuant to this Order, the deposition and such exhibits, if retained by the reporter, must be held under seal, and if filed in Court, must be filed under seal with the instructions to the Clerk as set forth in paragraph 9 hereof, and the reporter must be further instructed not to furnish copies of any such exhibits or disclose the contents thereof to any person other than counsel for the parties. In addition, a party may designate deposition testimony as "Confidential" by providing either oral notice on the record during the deposition or written notice of such designation to the reporter and counsel for opposing party within thirty (30) days after receipt of the transcript of the deposition. During this 30-day period, the entire deposition transcript shall be treated as "Confidential" under this Order.

c. In the case of an interrogatory answer or a paper to be **filed** with the Court, by a statement in the answer or paper or attached thereto by the designating party stating "Confidential" and identifying the portion of the answer or paper designated confidential.

3. The provisions of this Stipulation and Protective Order shall apply to any discovery from any non-party as if the non-party was a party to the present action, and shall apply to all John Doe Defendants and Third-Party Defendants that are made a party to this action.

4. Information designated "Confidential" shall be disclosed only to:

a. attorneys for the parties to this action, including members, associates, and employees of the law firm or legal offices of which such attorneys are members or employees; and in-house counsel for the parties to this action;

b. subject to the requirements of paragraph 5(a), persons who are designated as experts by a party to this action retained solely for the purposes of this action, who shall not be officers, officials or employees of a party or affiliate of a party to this action.

c. subject to the requirements of paragraph 5(b), non-party witnesses, interviewees, or deponents;

d. key employees of Interelate, Inc. and Kaplan Companies, Inc.;

e. court reporters and their staffs; and

f. the Court and all members of the Court's staff.

Information designated "Confidential" shall not be disclosed to anyone including any officers, officials, employees, agents, representatives or members of any party to this action, except as provided in (a) through (f) of this paragraph. Notwithstanding anything to the contrary contained in the foregoing, nothing in this Stipulation and Protective Order shall be construed to limit in any way the use a party may make of its own materials and nothing contained in this Stipulation and Protective Order shall prevent any party from disclosing or showing any document to any person who authored or was an authorized recipient of the document.

5. (a) Prior to the disclosure of any material designated "Confidential" to persons identified in paragraph 4(b) above, the party wishing to make such disclosure shall obtain from such person a signed agreement in the form attached hereto as Exhibit A to be bound by the terms of this Stipulation and Protective Order.

(b) Prior to the disclosure of any material designated "Confidential" to persons identified in paragraph 4(c) above, the party wishing to make such disclosure shall obtain from

such person a signed agreement in the form attached hereto as Exhibit A to be bound by the terms of this Stipulation and Protective Order.

6. If counsel for any party believes that examination of any witness on deposition will require disclosure of information designated "Confidential," counsel will notify opposing counsel, and that part of the deposition shall be taken in the presence of only the persons authorized to receive Confidential Information.

7. The inadvertent production of any item without it being designated "Confidential" will not be deemed a waiver of any claim that the item designated "Confidential." If a party through inadvertence produces any item designated "Confidential" without designating it as such under this Order, the producing party may furnish a substitute item properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such item is deemed "Confidential" and should be treated as such. The receiving party (or parties) must treat such information as "Confidential" from the date notice is received. Disclosure of "Confidential" prior to the receipt of notice will not be deemed a violation of this Order.

8. The terms of paragraph 2 regarding the marking of documents will not control where a party, in response to a document request, elects to make originals or working copies of documents available to outside counsel for the receiving party (or parties) for review before making production copies. In that case, a producing party is not obligated to make any confidentiality designation upon such documents at the time they are made available. Instead, all documents made available to outside counsel for the receiving party shall be treated as "Confidential" until the producing party delivers production copies, at which time the confidentiality designations (including no designation) the producing party will have made will

control. Any originals or working copies of documents that outside counsel for the receiving party has elected not to have copied will continue to be treated as "Confidential."

9. All exhibits and other documents filed with the Court in this action that contain or describe information designated "Confidential" shall be filed in sealed envelopes or other appropriate sealed containers bearing the case caption, the title of the document being filed and the legend:

> This envelope, containing documents which are filed in this case by [name of party], is not to be opened nor the contents thereof to be displayed or revealed except by stipulation of the parties or by order of this Court.

10. All information or materials received by a party from the producing party pursuant to this Stipulation and Protective Order which contain information designated "Confidential," shall be used solely for the purpose of this action and for no other purpose, and shall not be disclosed to any person not authorized to receive such information or materials pursuant to this Stipulation and Protective Order.

11. The restrictions set forth in any of the preceding paragraphs shall not apply to information which:

a. was, is, or becomes public knowledge, not in violation of this Stipulation and Protective Order;

b. is acquired from a non-party lawfully possessing such information and having no confidentiality obligation with respect thereto: or

c. was lawfully possessed by the receiving party prior to receipt thereof in this action.

12. Disclosure or production by the designating party of information designated "Confidential" as provided herein shall not in any manner prejudice the right of any other party

to contend that any subject matter or information designated "Confidential" is not legally protectable confidential information or trade secrets of the designating party or should not otherwise be designated as Confidential Information under this Stipulation and Protective Order. In the event that a receiving party disagrees with any "Confidential" designation, the parties shall try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief, and the designating party shall have the burden of proving: (i) that the disputed information is confidential; and (ii) that the designation is proper. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

13. Nothing in this Stipulation and Protective Order shall be deemed a waiver of a party's right to oppose production of any information or documents for any reason other than that such information or document contains or comprises Confidential Information.

14. If the attorneys for the receiving party are requested to do so in writing within forty-five (45) days of final termination of this action and at the option of the designating party, all material designated hereunder and all copies thereof shall be either (i) returned to counsel for the designating party; or (ii) destroyed, with written confirmation of such destruction being sent to counsel for the designating party. If such a request is made, then in addition to the foregoing, the attorneys for the receiving party shall destroy all abstracts, summaries or other documents created concerning confidential materials designated hereunder, with written confirmation of such destruction being sent to counsel for the designating party. Notwithstanding anything to the contrary in the foregoing, each counsel and its firm may retain one copy of all materials

produced in this case and one complete and unredacted set of pleadings and papers filed with the Court or served on the other side.

15. This Stipulation and Protective Order shall not prevent any party from applying to the Court for relief from the Stipulation and Protective Order or for further or additional protective orders to be entered, as the Court may deem appropriate.

16. This Stipulation and Protective Order shall remain in full force and effect throughout this action until modified, superseded or terminated by order of the Court or by agreement of the parties.

**IT IS SO ORDERED.**

Dated: July 9, 2002

Susan Richard Nelson
United States ~~District~~ Magistrate Judge

FREDRIKSON & BYRON, P.A.

Dated: June 27, 2002

By Crystal M. Ovsak
David Marshall. #
Crystal M. Ovsak, # 630492X
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402

ATTORNEYS FOR PLAINTIFF

MESHBESHER & SPENCE, LTD.

Dated: 7-3-02

By ______________________
Daniel J. Boivin, #135215
1616 Park Avenue
Minneapolis, MN 55404
(612) 339-9121

LAW OFFICES OF WILLIAM F. MAREADY
William F. Maready
1076 West Fourth Street
Suite 100
Winston-Salem, NC 27101
(336) 722-1027

ATTORNEYS FOR DEFENDANT

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

INTERELATE, INC.

Case File No. 01-1600 (ADM/SRN)

Plaintiff,

vs.

KAPLAN COMPANIES, INC.,

Defendant.

---

I, ______________________________ hereby declare:

1. I have received and carefully read a copy of the Stipulated Protective Order entered in the above-captioned litigation, and I understand its terms and conditions.

2. I agree to be bound by and to comply with all the terms of the Stipulated Protective Order, and by such other orders as the Court may issue regarding the confidential treatment to be accorded documents and other materials in this litigation.

3. Specifically, I agree to hold in confidence and not to disclose to any person not similarly bound by the Stipulated Protective Order any "Confidential" information disclosed to me in the course of this litigation.

4. I agree to return all documents containing "Confidential" information to outside counsel, by whom I have been retained, at the conclusion of this litigation.

5. I acknowledge that the Court may sanction me in the event that I violate the provisions of the Stipulated Protective Order, and I hereby agree to submit to the jurisdiction of this Court for this purpose.

Executed on: ______________

______________________________
Declarant's Signature

______________________________
Printed or Typed Name

By:____________________________

Printed Name:____________________

Address:_________________________

Firm and Title:__________________

______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.